Filed 3/30/26  Santana v. Perez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| ARELY SANTANA,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>JONATHAN PEREZ,<br><br>        Defendant and Respondent. | B342823<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV29482) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Anne Hwang, Judge.  Appeal dismissed.

        First Law Group, Eric A. Forstrom and Z. Dean Hakkak for Plaintiff and Appellant.

        Baker & Hostetler, Phillip J. Eskenazi and Andrew C. Burnquist for Defendant and Respondent.

_____

On August 10, 2021, plaintiff Arely Santana filed a complaint alleging she was driving on the 60 freeway when defendant Jonathan Perez crashed into her. She asserted causes of action for negligence and motor vehicle negligence. On January 5, 2024, the parties jointly filed an exhibit list, a set of jury instructions, and a witness list. Plaintiff also filed her own proposed statement of the case. On January 10, 2024, the trial court conducted a final status conference with the trial set for January 24, 2024. On January 16, 2024, the parties jointly filed their amended exhibit list, witness list, jury instructions, and statement of the case.

On January 24, 2024, the trial court called the case for trial at 8:30 a.m., and neither party appeared. As a result, the trial court ordered Santana's complaint dismissed without prejudice under California Code of Civil Procedure[1] section 581, subdivision (b)(3). The order was served on the parties the same day.

On January 29, 2024, Santana filed a motion for reconsideration seeking relief under section 1008, subdivision (a), and section 473, subdivision (b). In that motion, Santana's trial counsel filed a declaration attesting that he was in the restroom when the case was called, and explaining that he arrived in the courtroom at 8:45 a.m. However, the trial court's minute order noted that plaintiff's counsel arrived in the courtroom at 9:02 a.m. Perez did not file an opposition to the Santana's motion for reconsideration. On March 18, 2024, the trial court denied the motion for reconsideration. Initially, the trial court ruled that plaintiff failed to show that section 1008 governed because

---

[1] All further statutory citations are to the Code of Civil Procedure unless otherwise noted.

plaintiff did not make " 'an application for an order' " as required by the statute.  Nonetheless, the trial court ruled on the merits of Santana's section 1008 request and concluded that counsel's declaration offered no "new or different facts" as the record already established that the parties had not appeared for trial.  Regarding section 473, subdivision (b), the court ruled there was an insufficient showing of mistake, inadvertence, surprise, or excusable neglect.

On August 15, 2024, Santana filed a motion to set aside or vacate dismissal, again under section 473, subdivision (b).  Plaintiff's counsel attested that he arrived timely in the courthouse, but used the restroom before checking in.  He stated he was in the restroom when the case was called and he arrived in the courtroom at about 9:00 a.m.  On September 30, 2024, the trial court denied the motion to set aside or vacate dismissal as untimely and cumulative as plaintiff had already sought relief.  The trial court also faulted plaintiff for failing to provide authority that the trial dismissal could be addressed with a motion under section 473, subdivision (b).  In addition, the trial court again ruled that there was no showing of mistake, inadvertence, surprise, or excusable neglect.  Further, the trial court noted the timing discrepancy, that counsel's first declaration stated he arrived at the courtroom at 8:45 a.m., the minute order provided that he arrived at 9:02 a.m., and counsel's second declaration stated he arrived about 9:00 a.m.  Finally, the trial court further explained, "neither declaration explains why counsel did not check in at 8:30 a.m. or advise opposing counsel, prior to using the restroom."

On November 26, 2024, Santana filed her notice of appeal.  Santana's notice of appeal provides that she appeals a judgment

3

of dismissal.  The dismissal here occurred on January 24, 2024.  In her opening brief on appeal, Santana addresses the merits of the appeal without addressing timeliness, other than briefly stating, "Appellant timely filed and served her Notice of Appeal."  In the respondent's brief, Perez argues that Santana filed her brief beyond the 180-day deadline to seek review.  Santana filed no reply brief.

Timing to appeal is governed by the California Rules of Court (Rule), rule 8.104.  "Unless a statute or rules 8.108, 8.702, or 8.712 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment."  (Rule 8.104(a)(1).)  While this rule uses the term "judgment," the term judgment includes any appealable order.  (Rule 8.104(e).)

Relatedly, if a party moves to vacate a judgment, "the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move— or motion—is filed; or [¶] (3) 180 days after entry of judgment."  (Rule 8.108(c).)

Similarly, if a party moves to reconsider an appealable order under section 1008, subdivision (a), "the time to appeal from that order is extended for all parties until the earliest of: [¶]

4

(1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order." (Rule 8.108(e).)

Under Rule 8.104, no appeal can be timely unless it is filed within 180 days of the entry of judgment. (Rule 8.104.) While Rule 8.108 can extend the time to appeal if a party files either a motion to vacate a judgment or a motion to reconsider a trial court order, under both Rules 8.108 and 8.104, the latest any appeal could be timely is 180 days after entry of the appealable order. (Rule 8.108(c) & (e).)

Even if we assume that Santana had 180 days to appeal, her appeal is untimely. The trial court's dismissal was filed on January, 24, 2024, and Santana did not appeal until November 26, 2024. Thus, 307 days lapsed before Santana appealed, and her appeal is late. (Rules 8.104, 8108 (c) & (e).) Because the notice of appeal is untimely, we have no jurisdiction to consider the appeal. (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.)

The appeal is dismissed.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.